IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02437–MSK–KMT

ANDREA L. CHISHOLM, an individual,

Plaintiff,

v.

ROCK GARDENS RAFTING, INC., a Colorado Corporation,
GLENWOOD CANYON ZIP LINE ADVENTURES, INC., a Colorado Corporation,
JOSEPH WAYNE MCKEEL, an individual, and
JEFFREY HALE, an individual,

Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion for Leave to Amend Complaint" (Doc. No. 23, filed January 30, 2012 [Mot.]). Defendants Rock Gardens Rafting, Glenwood Canyon Zip Line Adventures, Inc., and Jeffrey Hale (collectively "RGR") filed their response on February 15, 2012 (Doc. No. 25 [Resp.]), and Plaintiff filed her reply on March 7, 2012 (Doc. No. 29 [Reply]).

Plaintiff seeks to amend her Complaint to add two defendants, Rock Garden Mobile Home Park & Campground, LLC d/da Glenwood Canyon Resort, Inc. ("Glenwood Canyon Resort") and Brian Vandermark, seeking damages as a result of the alleged wrongful death of her son, Taylor Chisholm. (*See* Mot., Attach. 1 at 1; Reply at 1.)

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).

This court established a deadline for amending the pleadings of February 26, 2012. (Resp. ) Accordingly, Plaintiff's Motion is timely. Defendants argue that Plaintiff's Motion should be denied because the proposed amendments are barred by the exclusivity provisions of the Workers' Compensation Act of Colorado and thus would be futile. (*See* Resp.)

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, a complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

The court finds that it is not clear at this juncture that Plaintiff's proposed amendments would be futile on the merits. *See Foman*, 371 U.S. at 182 (noting liberal philosophy in letting plaintiff test his proposed legal theories as long as they are not facially deficient). The defendants assert that Plaintiff's proposed amendment is futile because Taylor Chisolm was an employee of Glenwood Canyon Resort, and therefore Plaintiff's claims against Glenwood Canyon Resort are barred by the Worker's Compensation Act of Colorado. However, it appears that the assertion that Taylor Chisolm was an employee of Glenwood Canyon Resort is a factual allegation that has not been conclusively determined. (*See* Compl., ¶ 7; Answer, ¶ 7 (stating "RGR admits that Taylor Chisholm was 21 years of age in June 2010 and that he was an employee of [Glenwood Canyon Zip Line Adventures, Inc.] and occasionally performed some work for [Glenwood Canyon Resort] and Glenwood Canyon Resort & RV Park. RGR denies that Taylor was an employee of Rock Gardens Rafting, Inc.".).) Thus, it appears to be unclear which

corporate entity employed Taylor Chisholm. At this stage, it is simply not appropriate for the court to weigh the facts and evidence to resolve any disputes between the parties. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Defendants have not argued that they will be unduly prejudice by virtue of allowance of the amendments. The "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see also LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). "Most often, this occurs when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208. In this case, the circumstances underlying Plaintiff's proposed amendments are the same as those underlying the original Complaint. Moreover, this case is in its relative infancy; even if the proposed amendments significantly shifted the thrust of the case, Defendants have ample time to adjust.

Finally, Defendants do not argue, and the court does not otherwise find, that Plaintiff seeks her amendments in bad faith or for dilatory motive, or that she has repeatedly failed to cure deficiencies by amendments previously allowed. Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Leave to Amend Complaint" (Doc. No. 23) is GRANTED. The Clerk is directed to file Plaintiff's "First Amended Complaint and Jury Demand" (Doc. No. 23-1).

Dated this 4th day of April, 2012.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge